

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 23, 1953

Hon. John H. Winters
Executive Director
Department of Public Welfare
Austin, Texas                    Opinion No. S-21

Re: Legality of defraying the
travel expenses of new em-
ployees while they are at-
tending an inservice orien-
tation and indoctrination
Dear Sir:                        training course.

     You have requested the opinion of this office con-
cerning travel expense reimbursement of new employees while
they receive indoctrination and orientation on departmental
policies, rules and regulations, and supervised training in
actual welfare case investigations. You indicate that the
new employee has a designated "station" immediately upon his
appointment where he will perform his regular assigned duties,
but that he receives training at one of several orientation
centers, selected by the department, the location of which
may or may not coincide with his permanent station. You fur-
ther emphasize that under supervision the new employee car-
ries out assignments of the same character as if he were work-
ing from his own station.

     The assignment of duties of employees is a decision
which rests with the agency in its sound administrative dis-
cretion within the statutory limitations which may exist. Re-
sponsibility for the administration of the State's welfare
program lies in the State Department of Public Welfare. In
the discharge of this responsibility the Department has incor-
porated in its overall plan of operation an in-service training
program whereby a portion of the normal business of investiga-
tion of welfare cases is accomplished and, incidental thereto,
new employees can receive supervised experience in the actual
practices of their employment. The Federal Security Agency
participates in the maintenance cost and has approved the op-
eration of these training and orientation units.

     Since the State Department of Public Welfare has de-
termined that it is reasonable that new employees discharge an
"on-the-job" apprenticeship whereby they may become acquainted
with applicable laws, departmental rules, regulations, practic-

es, and policies under which they function, it is sufficient for our present inquiry if the employee is engaged in his assigned duties, if his assignment is State business, and if his assigned duties require his presence other than at his regularly designated station.

We are not unmindful of Section 2, (12)b,Art. III of the current general appropriation bill Ch. 499, Acts 52nd. Leg. 1951,R.S., which prohibits the Comptroller from issuing warrants to reimburse living expenses incurred within the city or town where an officer or employee is stationed. We expressly adhere to prior opinions of this office which hold the station of a man is where he carries out his regular assigned duties and that no travel expense can be paid a new man who is enroute initially to begin his first duties.

In Attorney General's Opinion No. O-3008 addressed to the Comptroller of Public Accounts on January 13, 1941, it was stated:

"The question of 'stationing' employees is one which must address itself primarily to the discretion of the department heads. Of course, the provisions of the appropriation Bill above quoted may not be evaded by terming what is in truth an actual change of headquarters a 'temporary assignment': but it can not be said that circumstances may not exist which would justify a temporary assignment rather than a change of station, though it had been decided by the department head that at a later date a permanent change of station would be effected."

See also Attorney General's Opinion No. V-461 to the Comptroller of Public Accounts on December 23, 1947, for a distinction between "temporary station" and "headquarters" of a state officer or employee as these terms are used in the appropriation bill riders.

Because State business is carried out at the orientation centers on the same basis as if the employee were working in his own headquarters, it is our opinion that the Department of Public Welfare is authorized to pay travel expenses while the employee is executing this temporary assignment at an orientation center away from his regular station.

## SUMMARY

Travel expenses of employees of the Department of Public Welfare while working in orientation training units on temporary assignments may be reimbursed under the provisions of the general appropriation bill.

Yours very truly,

APPROVED:

David B. Irons
Administrative Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant.

John Ben Shepperd
Attorney General

JOHN BEN SHEPPERD
Attorney General

By J. Frederick Jones
J. Frederick Jones